**Opinion issued May 29, 2025**



In The

# Court of Appeals

For The

## First District of Texas

————————————

**NO. 01-25-00043-CV**

————————————

**RICARDO FORNESA, Appellant**

**V.**

**AUTO CLUB INDEMNITY COMPANY, PAUL R. HILL, AND CLAYTON C. DILDAY, Appellees**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 23-DCV-301423**

---

## MEMORANDUM OPINION

Appellant Ricardo Fornesa attempts to appeal from the trial court's judgment signed on June 10, 2024.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended

to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3.

The record reflects that the trial court signed the final judgment on June 10, 2024, and appellant filed a motion for new trial on July 5, 2024. *See* TEX. R. CIV. P. 329b(a). Although the clerk rejected the motion for new trial due to its inclusion of sensitive information, appellant refiled the motion on July 12, 2024 and the filing is deemed timely. *See Hall v. Lewis*, 639 S.W.3d 197, 207–08 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (holding e-filed petition timely filed when it was transmitted on the last day of limitations but clerk rejected it); *In re Barr*, No. 05-19-00511-CV, 2019 WL 2082468, at *1–2 (Tex. App.—Dallas May 13, 2019, orig. proceeding) (holding e-filed motion for new trial timely filed when it was "transmitted to [the] electronic filing service provider" before deadline even though clerk rejected it for insufficient fees and noncompliance); TEX. R. CIV. P. 21(f).

Therefore, appellant's notice of appeal was due by September 9, 2024.[1] *See* TEX. R. APP. P. 26.1(a).

Appellant did not file his notice of appeal until January 16, 2025—more than four months after the due date. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On May 1, 2025, we notified appellant that his appeal was subject to dismissal for want of jurisdiction unless he filed a response showing grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of case after notice). Appellant responded to our notice but did not show how this Court has jurisdiction to consider this appeal.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

---

[1] Because 90 days from the trial court's judgment falls on a Sunday (September 8, 2024), the notice-of-appeal deadline extends to the next day. *See* TEX. R. APP. P. 4.1(a).